**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 27 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TERESA AGAPITO MORALES;<br>M. N. P. A.,<br><br>Petitioners,<br><br>v.<br><br>TODD BLANCHE, Acting Attorney<br>General,<br><br>Respondent. | No. 24-7200<br><br>Agency Nos.<br>A246-089-057<br>A246-089-058<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 23, 2026**
Seattle, Washington

Before: MURGUIA, Chief Judge, and W. FLETCHER and KOH, Circuit Judges.

Petitioners Teresa Agapito Morales ("Morales") and her minor child,

M.N.P.A.,[1] natives and citizens of Mexico, petition for review of a decision by the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Morales and her minor child each filed their own applications for asylum, withholding of removal, and protection under CAT based on the same set of facts.

Board of Immigration Appeals ("BIA") dismissing their appeal of an Immigration Judge's ("IJ") decision deeming Petitioners' applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") abandoned for failure to submit biometrics as required by the governing regulations. *See* 8 C.F.R. § 1003.47(c).

"An IJ's decision to deem an asylum application abandoned is reviewed for abuse of discretion." *Gonzalez-Veliz v. Garland*, 996 F.3d 942, 948 (9th Cir. 2021). We also review the denial of a continuance for abuse of discretion. *See Arizmendi-Medina v. Garland*, 69 F.4th 1043, 1051 (9th Cir. 2023). We review de novo due process challenges to immigration proceedings. *Id.* at 1047.

1.      The IJ did not abuse his discretion in finding Petitioners' applications abandoned for failure to submit the required biometrics. The governing regulation provides that "[f]ailure to file necessary documentation and comply with the requirements to provide biometrics . . . within the time allowed by the immigration judge's order, constitutes abandonment of the application and the immigration judge may enter an appropriate order dismissing the application unless the applicant demonstrates that such failure was the result of good cause." 8 C.F.R. § 1003.47(c); *see also* 8 C.F.R. § 1208.10 (similar).

Here, the IJ informed Morales at three separate hearings, on February 9, April 13, and June 15, 2023, of the biometrics requirement and warned her that

failure to complete her biometrics by the date of her final hearing on June 5, 2024, would result in a finding of abandonment absent good cause. On each occasion, the IJ asked Morales if she understood, and Morales responded that she did. When Morales appeared for her final hearing on June 5, 2024, she had been on notice of the biometrics requirement for sixteen months but still had not complied. She also failed to articulate what steps she had taken to begin the process. In such circumstances, the IJ did not abuse his discretion in deeming Petitioners' applications abandoned. *See Gonzalez-Veliz*, 996 F.3d at 948 (finding no abuse of discretion where "the IJ twice warned [the petitioner] that if she did not provide her biometrics before the next hearing her application would be deemed abandoned").

Petitioners argue that the IJ erred in failing to consider whether the allegedly inadequate legal assistance provided to Petitioners by the Northwest Immigrant Rights Project ("NWIRP") constituted good cause for Petitioners' noncompliance. However, Petitioners never raised any concern regarding NWIRP with the IJ, and thus the IJ did not err in failing to consider this issue. In any event, the record does not show that NWIRP failed to act diligently or failed to fulfill its obligations to Petitioners, which were limited to providing assistance in filing Petitioners' Form 1-589 applications. *See* 8 C.F.R. § 1003.17(b)(2) (noting that a practitioner's entry of a limited appearance in immigration court to assist a pro se petitioner with

completing documents "does not create additional ongoing obligations between the practitioner, the respondent, and EOIR").

To the extent Petitioners raise a due process claim related to the IJ's abandonment finding, that claim fails because Petitioners have not established that the agency erred. *See Hussain v. Rosen*, 985 F.3d 634, 645 (9th Cir. 2021) (requiring both agency error and substantial prejudice to establish a violation of due process).

2.     The IJ did not violate Petitioners' due process right to a full and fair hearing by failing to develop the record before finding Petitioners' applications for relief abandoned. Petitioners contend that the IJ knew that NWIRP had filed a biometrics request on Petitioners' behalf and thus should have asked Morales whether she received an appointment notice, understood her obligations, or faced any barriers to compliance. However, there is no evidence in the record that the IJ knew or had any reason to believe that NWIRP had taken any steps to assist Petitioners with the biometrics request. Moreover, the IJ repeatedly asked Morales if she understood her obligation to complete her biometrics by her final hearing date. At Petitioners' final hearing on June 5, 2024, the IJ asked Morales several times what steps she had taken to get her fingerprints taken. Given that the IJ gave Morales multiple opportunities to explain what steps she had taken and that Morales's responses made no mention of NWIRP, the IJ did not fail to properly

develop the record. *See Gonzalez-Veliz*, 996 F.3d at 950 (rejecting the argument that the IJ failed to develop the record by "failing to question the government about whether it sent the biometrics submission receipt notices," because "the burden is on the alien to follow up if the notice is not received").

3.      The IJ did not abuse his discretion in denying Petitioners a continuance of their final hearing to secure legal representation. "In the context of immigration proceedings, the decision to grant or deny continuances is in the sound discretion of the trial judge." *Cui v. Mukasey*, 538 F.3d 1289, 1292 (9th Cir. 2008); *see also* 8 C.F.R. § 1003.29. Whether good cause exists is a case-by-case inquiry that considers various factors, including "(1) the importance of the evidence, (2) the unreasonableness of the immigrant's conduct, (3) the inconvenience to the court, and (4) the number of continuances previously granted." *Cui*, 538 F.3d at 1292.

By the time of Petitioners' final hearing on June 5, 2024, the IJ had already granted four previous continuances over the span of seventeen months. Despite these numerous continuances, Petitioners had still had not obtained counsel and had only "just contacted" an attorney, who was unavailable for the hearing on such short notice. In such circumstances, the IJ did not abuse his discretion in determining that no good cause existed for a fifth continuance. *See Gonzalez-Veliz*, 996 F.3d at 949 (finding no abuse of discretion where the petitioner was previously

granted a two month continuance to obtain counsel).

Again, because Petitioners have failed to demonstrate agency error, to the extent Petitioners raise a related due process claim, that claim also fails. *See Hussain*, 985 F.3d at 645.

4. The BIA did not err in rejecting Petitioners' ineffective assistance of counsel claim against NWIRP. The BIA properly found that Petitioners failed to demonstrate substantial compliance with any of the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). Specifically, Petitioners did not: (1) provide an affidavit detailing their agreement with NWIRP, (2) notify NWIRP of the ineffectiveness claim or afford NWIRP an opportunity to respond, or (3) file a complaint with a disciplinary authority or provide an explanation as to why. *See id.* at 639. Although noncompliance with *Lozada* may be excused where "the ineffectiveness of counsel was plain on its face," *Tamang v. Holder*, 598 F.3d 1083, 1090 (9th Cir. 2010), the record here does not demonstrate any ineffective assistance of counsel for the reasons discussed above.

**PETITIONS DENIED.**[2]

---

[2] The stay of removal shall remain in place until the mandate issues.

24-7200